**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, LOCAL 2741,** *et al.*, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civ. No. 09-1650 (TFH) |
| **DISTRICT OF COLUMBIA,** | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION

Pending before the Court is Plaintiffs' Motion for Reconsideration, which was filed pursuant to Rule 60(b)(6) of the *Federal Rules of Civil Procedure.* Plaintiffs seek reconsideration of this Court's ruling of September 11, 2009 denying their motion for temporary injunctive relief. For the reasons that follow, the Court will deny Plaintiffs' motion.

Rule 60(b)(6) permits a court to alter or relieve a party from a final order upon "just terms" for any reason (other than those enumerated in the Rule's preceding subsections) "that justifies relief." Fed. R. Civ. P. 60(b)(6). This catch-all provision is "mutually exclusive with the grounds for relief in the other provisions of Rule 60(b), which include excusable neglect, newly discovered evidence, and fraud." *Kramer v. Gates*, 481 F.3d 788, 792 (D.C. Cir. 2007) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. Pship.*, 507 U.S. 380, 393 (1993)). The U.S. Court of Appeals for the District of Columbia Circuit has cautioned that Rule 60(b)(6) "should be only sparingly used." *Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980). Moreover, to justify relief under this Rule, "a party must show extraordinary

circumstances suggesting that the party is faultless in the delay." *Pioneer Inv. Servs. Co.* at 393. Such extraordinary circumstances may exist, for example, where "a party timely presents a previously undisclosed fact so central to the litigation that it shows the initial judgment to have been manifestly unjust . . . ." *Id.*

Without alleging changed circumstances or the availability of new evidence, Plaintiffs "contend that they have met the attending burden for the granting of a TRO." Mot. for Recons. 2, 6-7 (Plaintiffs "submit that [they] have established a sufficient factual and partially undisputed record, which shows that there were illegal closings of day care centers and illegal privatization of day care jobs"). Plaintiffs emphasize that the imminent loss of jobs will result in the demise of Local 2741. Mot. for Recons. 7. Alternatively, Plaintiffs assert a new argument: that this Court should find that D.C. Code § 2-301.05b has been violated such that no further demonstration of irreparable harm is necessary. Mot. for Recons. 8.

A motion for reconsideration "is not 'simply an opportunity to reargue facts or theories after a court has ruled.'" *American Postal Workers' Union, AFL-CIO v. United States Postal Serv.*, No. 08-2200-RMC (D.D.C.), 2009 U.S. Dist. LEXIS 79527, *5 (quoting *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995)). Nor is it an avenue for raising new arguments. *Cf. Kattan v. District of Columbia*, 995 F.2d 274, 276 (D.C. Cir. 1993) (A Rule 59(e) motion is not properly used to permit a "losing party . . . to raise new issues that could have been raised previously"); *Good Luck Nursing Home, Inc.*, 636 F.2d at 577 (Rule 60(b)(6) may not be used "simply to rescue a litigant from strategic choices that later turn out to be improvident"). Yet Plaintiffs seek to use it solely for these purposes. Plaintiffs have not demonstrated the extraordinary circumstances required to justify relief from this Court's ruling.

2

As such, the Plaintiffs' Motion for Reconsideration must be denied.

An appropriate order accompanies this memorandum opinion.

September 24, 2009

                                               */s/ Thomas F. Hogan*
                                               Thomas F. Hogan
                                               U.S. District Judge